■ Howard Koeppel, Respondent, v City of New York et

al., Respondents, and Tishman Realty & Construction Co., Inc., et al., Appellants. [606 NYS2d 231] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 12, 1993, which denied the motion of defendants-appellants, Hertzberg and Cantor, for summary judgment pursuant to CPLR 3212, dismissing the complaint, unanimously reversed on the law, insofar as appealed from, without costs, defendants-appellants Cantor and Hertzberg's motion is granted, the complaint is dismissed as against them and the clerk is directed to enter a judgment accordingly.

The defendant partnership, Hertzberg & Cantor, an engineering firm, was retained in 1968 by Tishman Realty the owner/developer, as consulting structural engineers for the building located at 919 Third Avenue in Manhattan. While the firm designed the skeleton of the building, including the beams, columns, floor slabs, foundation, walls, and footings, it was not involved in the design or construction of the sidewalk in front of the building. However, Hertzberg & Cantor does not dispute that, at Tishman Realty's request, it certified that the sidewalk in front of the building was constructed in accordance with the rules and regulations of the Department of Highways. It is also not disputed that the certification was given solely in order to obtain the final certificate of occupancy for the building.

The sidewalk was constructed by a company unrelated to Hertzberg & Cantor. The certificate in question was issued by the defendant partnership on November 4, 1970. Plaintiff commenced this action to recover for personal injuries suffered when he fell on the sidewalk in 1987, seventeen years after the certificate was issued. Plaintiff alleged that the sidewalk was defective in that it had an excessively steep transverse slope. Plaintiff seeks to impose liability upon the defendant partnership based on the improper certification citing it as a contributing or proximate cause of his injuries.

The inquiry to be engaged in on this appeal is whether the defendant partnership owed a duty to exercise reasonable care to prevent foreseeable harm to this plaintiff (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226). In *Strauss v Belle Realty Co.* (65 NY2d 399, 402) the Court stated that "while the absence of privity does not foreclose recognition of a duty, it is still the responsibility of courts, in fixing the orbit of duty, 'to limit the legal consequences of wrongs to a controllable degree' (*Tobin v Grossman*, 24 NY2d 609, 619; *see also, Howard v Lecher*, 42 NY2d 109), and to protect

against crushing exposure to liability *(see, Pulka v Edelman,* 40 NY2d 781 [citation omitted]; *Ultramares Corp. v Touche,* 255 NY 170)". " 'In fixing the bounds of that duty, not only logic and science, but policy play an important role' " *(supra,* at 402, quoting *De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055). There is no question that Hertzberg & Cantor neither designed nor constructed the sidewalk. The extent of their involvement with the area was the issuance of the certificate attesting to the sidewalk's compliance with Department of Highways rules and regulations seventeen years before the plaintiff sustained his injuries. Given those facts we find that, to hold that defendant Hertzberg & Cantor owed a duty to the plaintiff based on the alleged negligence would, in the circumstances of this case, be an unwarranted extension of this defendant's orbit of duty, contrary to sound public policy *(cf., Public Adm'r of County of N. Y. v Fifth Ave. Dev. Corp.,* 180 AD2d 473). Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.