(April 12, 2007)

■ GIOVANNI RAGUSA et al., Respondents, v LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et al., Appellants, and HARDY HOLZMAN PFEIFFER ASSOCIATES, Appellant-Respondent, et al., Defendants. (And Other Actions.) [833 NYS2d 466]—

Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered March 1, 2006, which denied the motions of defendants-appellants Lincoln Center for the Performing Arts, Inc. (Lincoln Center), The Vivian Beaumont Theater, Inc. (VBT), and Hardy Holzman Pfeiffer Associates (HHPA) for summary judgment, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Giovanni Ragusa was delivering a number of six-gallon bottles of Poland Spring Water to the 65th Street garage entrance to the VBT. He had taken between seven and nine bottles off his truck, stacked them on a rolling platform dolly, and was bringing them up the ramp, when the dolly tipped. He was struck and injured by the bottles.

Plaintiffs brought this action against Lincoln Center (the owner of the building), VBT and the City of New York. They then brought an action against HHPA, the architect who designed the sidewalk/walkway. Later, the actions were consolidated. It was plaintiffs' theory that defendants were negligent because the walkway/sidewalk was dangerous. Plaintiffs contended that the slope of the walkway was steeper than permitted under the New York City Building Code, and that it was defectively designed and/or negligently constructed.

Defendants brought individual motions for summary judgment. In support, VBT and HHPA relied upon an affidavit by an engineer who concluded that the slope of the sidewalk was in compliance with the New York City Building Code and thus was not excessive. Continental Marble, Inc. a third-party defendant against whom all claims were dismissed, submitted the affidavit

of an engineer who stated that the pitch of the sidewalk was in fact less steep than that prescribed by the Building Code. Defendant Lincoln Center asserted that it was not liable for any alleged defect because it did not design or oversee the installation of the walkway. In opposition, plaintiffs submitted the affidavit of an engineer who concluded that the slope violated Department of Transportation regulations. In reply, HHPA submitted an affidavit which showed that plaintiffs' engineer's affidavit was based upon a mathematical miscalculation. It showed that once this error was corrected, the cross slope percentage calculation of the walkway was within good and accepted engineering practice. The motion court denied the appealing defendants' motions, finding an issue of fact as to whether the construction of the walkway proximately caused plaintiff's injuries. We reverse.

Defendants submitted evidence showing that they obtained all of the requisite permits for the installation of the sidewalk, that the slope of the sidewalk was constructed in compliance with the New York City Building Code, and that the necessary certificate of occupancy was obtained upon completion of construction. This met their burden on summary judgment (*see Sorenson v Taylor's Supermarket*, 304 AD2d 415 [2003]).

In opposition, plaintiff failed to refute defendants' claims of proper design and construction of the walkway. In fact, after the proper calculations were done, plaintiffs' engineer's affidavit supported defendants' position. As there was no evidence that the sidewalk was otherwise defective, any finding that defendants were responsible for plaintiff's accident would rest upon sheer speculation (*Reed v Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]). Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.