■ SCORDIO CONSTRUCTION, INC., Respondent, v SIRIUS AMER-ICA INSURANCE COMPANY, Appellant, et al., Defendant. [858 NYS2d 283]—

In an action, inter alia, for a judgment declaring that the defendant Sirius America Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Lara v 610 West End Corp.*, pending in Supreme Court, New York County, under index No. 107928/05, the defendant Sirius America Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 15, 2007, as, in effect, denied those branches of its motion which were for leave to renew its opposition to that branch of the plaintiff's motion which was for summary judgment against it, which had been granted in an order of the same court dated November 6, 2006, and for summary judgment in its favor.

Ordered that the order dated February 15, 2007, is reversed insofar as appealed from, with costs, that branch of the motion of the defendant Sirius America Insurance Company which was

for leave to renew is granted, and, upon renewal, so much of the order dated November 6, 2006, as granted that branch of the plaintiff's motion which was for summary judgment against the defendant Sirius America Insurance Company is vacated, that branch of the plaintiff's motion is denied, that branch of the motion of the defendant Sirius America Insurance Company which was for summary judgment in its favor is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment, inter alia, declaring that the defendant Sirius America Insurance Company is not obligated to defend or indemnify the plaintiff in the underlying action.

Contrary to the Supreme Court's characterization, the appellant sought leave to renew, in addition to reargument, as it properly raised new facts not offered in opposition to the prior motion (*see* CPLR 2221 [e] [2]). Considering, among other things, the plaintiff's obligations in paragraphs 7 and 8 of the construction contract dated December 10, 2003, the plaintiff knew or should have known of a potential claim at the time of the occurrence in July 2004. The notice the plaintiff provided to the appellant more than one year later was, under the circumstances, unreasonable as a matter of law (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005]; *Reznick v Zurich N. Am. Specialties,* 45 AD3d 750 [2007]; *Macro Enters., Ltd. v QBE Ins. Corp.,* 43 AD3d 728 [2007]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.,* 40 AD3d 719, 720-722 [2007]; *Blue Ridge Ins. Co. v Biegelman,* 36 AD3d 736, 738 [2007]; *Modern Cont. Constr. Co., Inc. v Giarola,* 27 AD3d 431, 432-433 [2006]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for leave to renew (*see* CPLR 2221 [e]), and, upon renewal, inter alia, denied that branch of the plaintiff's motion which was for summary judgment against the appellant, and should have granted that branch of the appellant's motion which was for summary judgment in its favor. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment, inter alia, declaring that the defendant Sirius America Insurance Company is not obligated to defend or indemnify the plaintiff in the underlying action. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.