■ In the Matter of OLEG CASSINI, Deceased. CHRISTINA CASSINI, Appellant; MARIANNE NESTOR CASSINI et al., Respondents. [992 NYS2d 93]—

In a probate proceeding in which Marianne Nestor Cassini, the executor of the estate of Oleg Cassini, petitioned to settle the account of the estate and, together with Richard Rowe, a cotrustee of a certain testamentary trust established for the benefit of Daria Cassini, to settle the account of that trust, Christina Cassini appeals from an order of the Surrogate's Court, Nassau County (McCarty, III, S.), dated September 30, 2013, which denied her motion for summary judgment granting certain objections to the account of the trust.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of Christina Cassini's motion which was for summary judgment granting her objections regarding the claim of Marianne Nestor Cassini against the trust, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to Christina Cassini, payable by Marianne Nestor Cassini personally.

Oleg Cassini (hereinafter the decedent) died on March 17, 2006, and was survived by his wife, Marianne Nestor Cassini (hereinafter Marianne), and two daughters from his marriage to Gene Tierney, Daria Cassini (hereinafter Daria) and the objectant Christina Cassini (hereinafter Christina). Marianne was appointed executor of the decedent's estate.

The decedent's will established a trust for the benefit of Daria (hereinafter the trust), who was disabled and for whom Richard Rowe had been appointed as her guardian by the State of New Jersey. The trust was to be funded with $500,000, and the net income of the trust was directed to be paid to Daria for her lifetime, with the remainder payable to Christina upon Daria's death. Marianne was nominated as trustee of Daria's trust. An intermediate accounting of the decedent's estate, dated December 31, 2010, shows that a $500,000 distribution was made from the estate to the "Daria Tierney Cassini Trust."

In 2008, Marianne, acting as trustee under the decedent's will, established the Daria Cassini Supplemental Needs Trust (hereinafter the SNT) and named herself and Richard Rowe as trustees. The SNT provided that, upon the death of Daria, the balance would be paid to Christina. Daria's testamentary trust was decanted into the SNT (*see generally* EPTL 10-6.6).

Daria died on September 11, 2010. In July 2011, Marianne and Rowe together petitioned to settle the account of the SNT. Christina was listed as an interested party and the status of her interest was described as follows: "[o]n information and belief, Christina Tierney Cassini Granata Belmont purports to be the remainderman of the within Trust and entitled to the balance on hand." Schedule J of the accounting indicated that the balance of the trust ($387,696.46) had been tendered to Marianne, and stated: "On information and belief, it is Marianne's position that the monies used to fund the trust emanated from assets to which she has a claim, that she was under no legal obligation to establish the trust with funds not emanating solely from the Estate of Oleg Cassini and that, although the [SNT] ostensibly provides for the distribution of the remainder to [Christina], the balance on hand is not properly payable to [Christina] but to Marianne."

Christina filed objections to the account of the SNT, and subsequently moved for summary judgment granting certain of those objections. To obtain summary judgment, the movant must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Matter of Maeder*, 203 AD2d 464 [1994]). If the moving party meets this burden, the burden then shifts to the nonmoving party to " 'establish the existence of material issues of fact which require a trial of the action' " (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], quoting *Alvarez v Prospect Hosp.*, 68 NY2d at 324).

In support of her motion, Christina established that she is the remainder beneficiary of the SNT and, thus, entitled to the balance of the trust. In opposition, Marianne's unsupported claims were insufficient to raise an issue of fact as to whether she has a claim against the trust (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.*, 65 AD3d 510, 512 [2009]; *Matter of Maeder*, 203 AD2d 464 [1994]). Accordingly, the Surrogate's Court should have granted that branch of Christina's motion which was for summary judgment granting her objections regarding Marianne's claim against the trust.

However, Christina failed to make a prima facie showing of entitlement to judgment as a matter of law on the additional objections which were the subject of the motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), and those branches of her motion which were for summary judgment granting those objections were properly denied. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.