◼ Carolyn J. Trawinski, Appellant, v Jabir & Farag Properties, LLC, et al., Defendants, and City of New York et al., Respondents. [63 NYS3d 431]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated February 17, 2016, as denied that branch of her motion which was for leave to renew and reargue her opposition to that branch of the prior motion of the defendants City of New York and Department of Transportation of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court dated December 12, 2014.

Ordered that the appeal from so much of the order dated February 17, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 17, 2016, is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was for leave to renew is granted, and, upon re-

newal, so much of the order dated December 12, 2014, as granted that branch of the motion of the defendants City of New York and Department of Transportation of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them is vacated, and that branch of the motion of the defendants City of New York and Department of Transportation of the City of New York is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On November 11, 2013, the plaintiff filed a complaint alleging, inter alia, that the defendants City of New York and Department of Transportation of the City of New York (hereinafter the DOT; hereinafter together the NYC defendants) were liable for injuries that she incurred on June 18, 2013, after falling on a sidewalk adjacent to the side entrance of a mixed residential/commercial property located in Brooklyn. At a hearing held pursuant to section 50-h of the General Municipal Law, the plaintiff testified that the sidewalk was wet due to rain and she fell because of "the decline of the sidewalk" which "was at a relatively sharp angle versus other sidewalks" and caused her to "basically slid[e] down on it." The plaintiff asserted, among other things, that the NYC defendants negligently designed the subject sidewalk.

Thereafter, the NYC defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the grounds that, (1) pursuant to Administrative Code of the City of New York § 7-210, the adjoining property owner, not the NYC defendants, would be responsible for any accidents allegedly caused by a negligent failure to maintain the subject sidewalk, and (2) the documents they submitted in support of their motion, consisting of searches by the DOT for permits, complaints, repair orders, and contracts relating to work at the subject sidewalk location for a two-year period prior to and including the day of the accident, established that they did not affirmatively create the condition at issue. In opposition, the plaintiff contended that that branch of the motion should be denied because, among other things, the NYC defendants failed to establish that they did not affirmatively create the defective condition and the motion was premature because discovery had not yet been conducted. The plaintiff contended that on or about December 8, 2014, she had filed a Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request for documents from the DOT pertaining to the subject sidewalk but had not yet received any documents. The plaintiff also submitted an affidavit of a profes-

sional engineer who opined that the "combination of the smooth polished granite and excessive slope constitutes a slipping hazard that was a substantial factor in causing [the plaintiff's] fall." In an order dated December 14, 2014 (hereinafter the December 2014 order), the Supreme Court, inter alia, granted that branch of the motion of the NYC defendants.

After receiving documents responsive to her FOIL request from the DOT, the plaintiff moved, among other things, for leave to renew and reargue her opposition to the subject branch of the NYC defendants' motion. In an order dated February 17, 2016, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

The Supreme Court should have granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, should have denied that branch of the NYC defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. A motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Cioffi v S.M. Foods, Inc.*, 142 AD3d 526, 530 [2016]; *Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929 [2010]).

Here, the plaintiff proffered new facts not offered in opposition to the NYC defendants' prior motion, consisting of documents that she received in response to her FOIL request after the prior motion was decided that would change the prior determination. Specifically, the plaintiff submitted documents demonstrating that one of the agencies of the NYC defendants approved the design of the sidewalk at issue and that the installation of the sidewalk was part of an extensive sidewalk improvement project proposed by the New York City Economic Development Corporation, formerly known as the Public Development Corporation. Since the plaintiff's proffered basis for her failure to submit these documents in opposition to the prior motion was reasonable—she had not received these documents, which were responsive to her FOIL request and in the sole possession and control of the NYC defendants, until after the December 2014 order (*see Chunqi Liu v Wong*, 46 AD3d 735, 736 [2007])—and the documents raise a triable issue of fact as to whether the NYC defendants created the condition complained of by the plaintiff (*see Scordio Constr., Inc. v Sirius Am. Ins. Co.*, 51 AD3d 768, 769 [2008]), the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to renew her opposition to the prior motion.

Upon renewal, the Supreme Court also should have denied that branch of the motion of the NYC defendants which was for summary judgment dismissing the complaint insofar as asserted against them because the new facts proffered by the plaintiff establish that triable issues of fact exist as to whether the NYC defendants created the sidewalk condition complained of by the plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). While Administrative Code § 7-210 expressly shifts tort liability to an abutting property owner for injuries proximately caused by the owner's failure to maintain the sidewalk in a reasonably safe condition, it does not shift tort liability for injuries proximately caused by a municipality's affirmative acts of negligence (*see Zorin v City of New York*, 137 AD3d 1116 [2016]; *Harakidas v City of New York*, 86 AD3d 624 [2011]). Since the plaintiff submitted evidence in support of that branch of her motion which was for leave to renew her opposition to the prior motion which demonstrated the existence of triable issues of fact concerning the involvement of the NYC defendants in the affirmative creation of a defective condition of the subject sidewalk, upon renewal, that branch of the motion of the NYC defendants which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied (*see Scordio Constr., Inc. v Sirius Am. Ins. Co.*, 51 AD3d at 769). Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.