■ Patricia Kenny, Respondent, v Turner Construction Company et al., Defendants, and The Corporate Source, Inc., Appellant. Patricia Kenny, Appellant, v Turner Construction Company et al., Respondents, et al., Defendants. (And Third and Fourth-Party Actions.) [65 NYS3d 17]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 16, 2015, which, to the extent appealed from, denied defendant Corporate Source, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 14, 2015, which, upon reargument, adhered to the determination on the original motion, granting defendants Turner Construction Company's, Kings County Waterproofing Inc.'s, Coken Company, Inc.'s, Richard Meier & Partners, Michael Harris Spector, AIA, P.C. a/k/a and d/b/a the Spector Group and Spector Group Home, LLC and Spector Associates, LLP's, and Ysreal A. Seinuk, P.C.'s motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The court providently exercised its discretion in denying as

untimely Corporate Source's motion for summary judgment dismissing the complaint as against it (*see Brill v City of New York*, 2 NY3d 648 [2004]; CPLR 3212 [a]). Counsel's excuse that the attorney handling the matter had been on trial for two weeks does not constitute good cause, i.e., "a satisfactory explanation for the untimeliness" (*id.* at 652; *see Maschi v City of New York*, 110 AD3d 460 [1st Dept 2013]). Nor does the fact that the case is complicated and voluminous constitute good cause. We note that 14 other parties to the case made timely motions.

Plaintiff was injured, in 2005, when she fell on a patch of ice in the parking garage of a courthouse where she worked. The construction of the courthouse, including the garage, had been completed in 2000. Plaintiff's theory of liability is that defendants owe her a duty of care because they negligently caused the conditions, thereby launching a force of harm, that injured her (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]).

Turner Construction, the general contractor, demonstrated that it owes plaintiff no duty of care since it did not perform the alleged defective work, and its contractual obligation to the owner to supervise the project did not create a duty of care to plaintiff (*see Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 68 [1st Dept 2004], *lv dismissed* 4 NY3d 739 [2004]; *Koeppel v City of New York*, 200 AD2d 477 [1st Dept 1994]).

Kings County Waterproofing, the caulking subcontractor, demonstrated that it owes plaintiff no duty of care because, even if the alleged leaking of water from the upper level to the lower level of the garage resulted from a misapplication of caulking, the caulking had a one-year warranty and was intended to be replaced after two to three years.

Coken Company, the electrical contractor, demonstrated that there is no support in the record, except speculation by plaintiff's expert, for the allegation that it installed the wrong lighting fixtures (a theory of liability, moreover, improperly raised by plaintiff for the first time in opposition to Coken's motion). There is no evidence in any event that the reason the light was out in the area of the accident was that it had been shorted out by water, as opposed to a bulb merely having blown out.

The Spector defendants made a prima facie showing that their work was performed to professional standards, and plaintiff's expert failed to identify any defect in the design of the parking garage, offering only speculation (*see Talon Air Servs. LLC v CMA Design Studio, P.C.*, 86 AD3d 511, 515 [1st Dept 2011]; *Ragusa v Lincoln Ctr. for the Performing Arts, Inc.*, 39 AD3d 294, 295 [1st Dept 2007]; *Timmins*, 9 AD3d at 70).

Any obligation that Richard Meier & Partners, the design architect, and Ysrael Seinuk, the structural engineer, had to inspect the progress of the work for the owner did not impose on them a duty of care to plaintiff (*see 87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540 [1st Dept 2014]). Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.