Matter of Wilkinson (2020 NY Slip Op 00286)





Matter of Wilkinson


2020 NY Slip Op 00286


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-12521

[*1]In the Matter of Dorothy D. Wilkinson, deceased. Manufacturers and Traders Trust Company, respondent; Edward P. Nielsen III, et al., appellants. (File No. 722207)


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Richard M. Mahon and Eve I. Lincoln of counsel), for appellants.
Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Ronald C. Blass, Jr., of counsel), for respondent.



DECISION & ORDER
In a proceeding for the judicial settlement of the trustee's final account of the decedent's estate, the objectants appeal from an order and decree (one paper) of the Surrogate's Court, Dutchess County (James D. Pagones, S.), dated October 18, 2016. The order and decree granted the petitioner's motion for summary judgment dismissing the objectants' preliminary objections dated March 22, 2016, and denied the objectants' cross motion for summary judgment on the preliminary objections.
ORDERED that the order and decree is reversed, on the law, with costs payable by the petitioner personally, the petitioner's motion for summary judgment dismissing the objectants' preliminary objections dated March 22, 2016, is denied, the objectants' cross motion for summary judgment on the preliminary objections is granted on the issue of liability, and the matter is remitted to the Surrogate's Court, Dutchess County, for a determination of damages.
Upon the death of the decedent, Dorothy D. Wilkinson, on January 2, 1981, her last will and testament dated June 15, 1973, created two testamentary trusts, one for the benefit of her daughter, Judith M. Nielsen, and one for the benefit of her son, Robert D. Wilkinson. The will provided that the trustee would invest the principal of the trusts, pay the income to those beneficiaries, and, upon their deaths, pay the remaining principal to their respective issue.
In December 1992, Robert D. Wilkinson, Judith M. Nielsen, Judith's issue, Edward Peter Nielsen III and Katherine M. Nielsen, and the successor trustee First National Bank of Rhinebeck, entered into an agreement (hereinafter the agreement) whereby the parties agreed to "substitute assets in the trust" created under the decedent's will into an "irrevocable insurance trust." Pursuant to that agreement, Judith withdrew $170,000 of the principal of her trust, and Robert withdrew a parcel of real property included in his trust. They agreed to substitute therefor (1) a $250,000 insurance policy on Judith's life, and (2) a $370,000 insurance policy on Robert's life. Robert was required to make premium payments on the insurance policies into an escrow account "administered by the trustee," and if he failed to comply, he was required to convey the real property [*2]to Judith for consideration of $1. The agreement contained a release of the trustee of any and all liability resulting from "the substitution of property hereinabove set forth." One year renewable and convertible term life insurance policies were purchased with the trustee as owner of the policies.
Robert sold the subject real property to a third party by deed dated August 19, 1994. At the time of the sale, there were no liens on the real property. The life insurance policies lapsed in December 2004 for nonpayment of the premiums. Robert died in 2012, and Judith died in 2014.
When the petitioner, as successor trustee, petitioned for judicial settlement of its final account of the assets remaining, Judith's children, Edward Peter Nielsen III and Katherine M. Nielsen, filed preliminary objections to that accounting, dated March 22, 2016, alleging (1) failure to act in accordance with EPTL 11-1.7(a)(1), which states that the exoneration of a testamentary trustee from liability for failure to exercise care, diligence, and prudence, is contrary to public policy, (2) failure to monitor the status of the life insurance policies constituted failure to properly manage the trust portfolio, and (3) failure to ensure reconveyance of the real property to Judith upon Robert's failure to pay the premiums also violated the duties of the trustee. The objectants sought to surcharge the trustee for $420,000, representing proceeds of the insurance policies, or, in the alternative, to recover the market value of the real property transferred to Robert in 1992 and sold to a third party in 1994.
The petitioner moved for summary judgment dismissing the preliminary objections, and the objectants cross-moved for summary judgment on the preliminary objections. The order and decree appealed from granted the motion and denied the cross motion. The Surrogate's Court found that the 1992 agreement created a "new trust agreement" funded in part by the life insurance policies, which was not part of the testamentary trust, and therefore not governed by EPTL 11-1.7(a). The court further found that the agreement released the trustee from any promises relating to "the substitution of property," which relieved the trustee of any "liability to monitor the investment owed to the trust," released the trustee and any successor trustee "from any future lawsuit," and released the trustee of any fiduciary duty to act upon Robert's default in paying insurance premiums.
Contrary to the conclusion of the Surrogate's Court, the agreement did not create a new trust. Rather, the agreement provided for the substitution of testamentary trust property with life insurance policies. The petitioner included the life insurance policies in its final account of the testamentary trusts as worthless assets. There is no reference to any separate accounting for the life insurance policies as part of a separate trust. Thus, the duty of the trustee was governed by EPTL 11-1.7(a)(1), which states that the exoneration of a testamentary trustee from liability for failure to exercise reasonable care, diligence, and prudence is contrary to public policy.
The exoneration provision at issue absolved the trustee of liability resulting from "the substitution of property hereinabove set forth." The petitioner contends that this provision absolves it of liability in the management of the substituted property. However, the agreement did not state that (cf. Cimini v Jaspan Schlesinger Hoffman LLP, 2007 WL 173893, 2007 US Dist LEXIS 4115 [ED NY, No. 05-CV-5952 (JFB)(AKT)]). Rather, the clause absolved the trustee of any liability for investment in life insurance policies under the common-law prudent person rule (see King v Talbot, 40 NY 76, 85-86; EPTL 11-2.2[a][1]), in effect in 1995, when the agreement was made (see L 1994, ch 609; EPTL 11-2.3). The objectants do not claim that the investment in life insurance policies pursuant to the agreement was improper.
In this case, the agreement stated that Robert was required to pay the premiums for the life insurance policies into an escrow account administered by the trustee. As owner of the life insurance policies, the trustee would receive notice that premiums were due and the policies were lapsing for nonpayment of premiums. Thus, the trustee assumed the obligation to monitor the status of payments for the insurance policies. The trustees' nonfeasance in allowing the policies to lapse without any action on its part at least constituted ordinary negligence. Since monitoring the status of payment of the life insurance policies—once that investment was made—was not covered by the exoneration clause, and in any case the policies were part of testamentary trusts with a statutory duty to exercise reasonable care (see EPTL 11-1.7[a][1]), the objectants established their prima facie [*3]entitlement to judgment as a matter of law on their preliminary objections. Since the petitioner failed to raise a triable issue of fact in opposition, the objectants are entitled to summary judgment on the issue of liability (see Matter of Cassini, 120 AD3d 799), and the matter is remitted to the Surrogate's Court, Dutchess County, for determination of damages. In computing damages arising from the lapse of the life insurance policies, an allowance will have to be made for premiums which should have been paid on those policies.
SCHEINKMAN, P.J., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court