Matter of Cassini (2020 NY Slip Op 01054)





Matter of Cassini


2020 NY Slip Op 01054


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2015-09488

[*1]In the Matter of Oleg Cassini, deceased. Marianne Nestor Cassini, petitioner-appellant; Peggy Nestor, respondent-appellant; John J. Barnosky, etc., et al., objectants-respondents. (File No. 343100G)


Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for petitioner-appellant, and Peggy Nestor, New York, NY, respondent-appellant pro se (one brief filed).
Farrell Fritz, P.C., Uniondale, NY (John J. Barnosky pro se and Robert M. Harper of counsel), for objectants-respondents.
In a probate proceeding in which Marianne Nestor Cassini petitioned for judicial settlement of her intermediate account of the estate of Oleg Cassini and Christina Cassini petitioned, inter alia, to revoke letters testamentary issued to Marianne Nestor Cassini, Marianne Nestor Cassini appeals, and Peggy Nestor separately appeals, from an order of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), dated August 3, 2015. The order, insofar as appealed from, granted that branch of the objectants' motion pursuant to CPLR 6401 which was to appoint a temporary receiver of any and all property belonging to Oleg Cassini, Inc., and Cassini Parfums, Ltd., to the extent of appointing Jeffrey DeLuca, the Public Administrator of Nassau County, to run the day-to-day business operations of Oleg Cassini, Inc., and Cassini Parfums, Ltd.



DECISION & ORDER
Motion by the objectants-respondents to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated April 3, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and the submission of the separate appeal, it is
ORDERED that the motion to dismiss the appeals is denied; and it is further,
ORDERED that the order dated August 3, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the objectants-respondents.
This appeal is one of several arising out of a protracted and vigorously contested probate proceeding involving the estate of the internationally renowned fashion designer Oleg [*2]Cassini (hereinafter the decedent), who died in March 2006. He was survived by his wife, Marianne Nestor Cassini (hereinafter Marianne), and two daughters from his prior marriage to Gene Tierney, Daria Cassini (hereinafter Daria) and Christina Cassini (hereinafter Christina) (see Matter of Cassini, 120 AD3d 799). Marianne, who was nominated in the decedent's will as the executor of his estate, was issued letters testamentary.
Christina subsequently commenced a proceeding, inter alia, to revoke the letters testamentary issued to Marianne, alleging that Marianne had breached her fiduciary duties. Christina also moved, inter alia, pursuant to CPLR 6401 to appoint a temporary receiver for any and all property belonging to Oleg Cassini, Inc. (hereinafter OCI), and Cassini Parfums, Ltd. (hereinafter CPL). Following Christina's death in 2015, attorney John J. Barnosky and Alexandre Cassini Belmont (hereinafter together the objectants) were substituted into the proceeding as executors of the estate of Christina and as successor administrators of the estate of Daria, who died in 2010. Marianne, and her sister Peggy Nestor who had been nominated in the decedent's will as a successor executor, now separately appeal from so much of an order dated August 3, 2015, as granted that branch of the objectants' motion which was to appoint a temporary receiver to the extent of appointing Jeffrey DeLuca, the Public Administrator of Nassau County (hereinafter the Public Administrator), to run the day-to-day business operations of OCI and CPL.
The objectants move to dismiss the appeals on the ground that they have been rendered academic in light of a subsequent order dated July 1, 2016. That order, in effect, granted a cross motion by the objectants pursuant to CPLR 6401 to appoint a receiver for any and all property belonging to OCI and CPL, upon Marianne's default in opposing the cross motion, and appointed a receiver. Marianne filed a notice of appeal from the order dated July 1, 2016, but this Court dismissed that appeal, as no appeal lies from an order entered upon the appellant's default. However, on a related appeal decided herewith (Matter of Cassini, ___ AD3d ___ [Appellate Division Docket No. 2018-00747]), we reverse the denial of Marianne's motion to vacate the July 1, 2016, order, and vacate such order, providing further that the receiver appointed pursuant to the July 1, 2016, order is to continue as temporary receiver pending a new determination of the objectants' cross motion to appoint a receiver.
" In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (Matter of Gonzalez v Annucci, 32 NY3d 461, 470, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). While the portion of the order dated August 3, 2015, that is being appealed from was effectively superseded by the order dated July 1, 2016, the order dated July 1, 2016, has been vacated. Since the order dated July 1, 2016, no longer supercedes the order dated August 3, 2015, that is appealed from herein, and we cannot say that the August 3, 2015, order will be without enduring consequences to the parties, we deny the motion to dismiss the instant appeals as academic. While this Court could hold these appeals in abeyance pending the new determination to be made by the Surrogate's Court with respect to the cross motion to appoint a receiver, we perceive that the interest in bringing a conclusion to these appeals warrants our determination of the merits of these appeals, irrespective of whether a receiver is ultimately appointed.
On the merits, we conclude that the Surrogate's Court providently exercised its discretion in granting that branch of the objectants' motion which was to appoint a temporary receiver to the extent of appointing the Public Administrator to run the day-to-day business operations of OCI and CPL. The objectants made a clear evidentiary showing of the necessity for conserving the property at issue and protecting their interests (see CPLR 6401[a]; Matter of Defelice-Levine, 295 AD2d 512).
SCHEINKMAN, P.J., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court