Guzman v Jamaica Hosp. Med. Ctr. (2021 NY Slip Op 00156)





Guzman v Jamaica Hosp. Med. Ctr.


2021 NY Slip Op 00156


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-05687
 (Index No. 20876/13)

[*1]Erick Guzman, plaintiff-respondent, 
v
Jamaica Hospital Medical Center, et al., defendants- respondents, Barr & Barr, Inc., appellant, et al., defendants (and a third-party action).


Marony O'Connor LLP, New York, NY (James P. O'Connor and Yifei He of counsel), for appellant.
Jeffrey K. Kestenbaum, Brooklyn, NY, for plaintiff-respondent.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Barr & Barr, Inc., appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered March 14, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On December 1, 2010, the plaintiff allegedly tripped and fell in a parking garage owned by the defendant Jamaica Hospital Medical Center. The defendant Barr & Barr, Inc. (hereinafter Barr & Barr), was the construction manager for the construction of the parking garage. The plaintiff commenced this action to recover damages for personal injuries, alleging that excess concrete left on the floor of the parking garage and inadequate lighting caused his accident. Barr & Barr moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. Barr & Barr appeals.
In order to establish a prima facie case of negligence, the plaintiff must show that Barr & Barr owed a duty to the plaintiff, that the duty was breached, and that the breach proximately caused his injury (see Solomon v City of New York, 66 NY2d 1026, 1027; Akins v Glens Falls City School Dist., 53 NY2d 325, 333). "In the absence of duty, there is no breach and without a breach there is no liability" (Pulka v Edelman, 40 NY2d 781, 782; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "[O]rdinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (Church v Callanan Indus.,, 99 NY2d 104, 111). A contractual obligation to the owner to supervise the project does not create a duty of care to the plaintiff (see Kenny v Turner Constr. Co., 155 AD3d 479, 480). One exception to the general rule precluding tort liability to noncontracting third parties is when the [*2]contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, with regard to the plaintiff's allegation that excess concrete caused his accident, Barr & Barr established, prima facie, that it did not owe a duty of care to the plaintiff (see Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Zorin v City of New York, 137 AD3d 1116, 1117-1118). However, in opposition, the plaintiff raised a triable issue of fact as to whether Barr & Barr allowed excess concrete to remain on the ramp of the parking garage after its construction, and, thus, whether Barr & Barr negligently created or exacerbated a dangerous condition by launching a force or instrument of harm (see Trawinski v Jabir & Farag Props., LLC, 154 AD3d 991, 994; Cornell v 360 W. 51st St. Realty, LLC, 51 AD3d 469). The evidence tendered by Barr & Barr failed to address the plaintiff's additional allegation that inadequate lighting was a proximate cause of the accident (see Shalameyeva v Park 83rd St. Corp., 32 AD3d 387, 388).
Accordingly, we agree with the Supreme Court's determination denying Barr & Barr's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court