Correa v Town of Brookhaven (2022 NY Slip Op 04788)

Correa v Town of Brookhaven

2022 NY Slip Op 04788

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-12447
 (Index No. 69766/14)

[*1]Monique Correa, etc., respondent, 
v
Town of Brookhaven, et al., defendants, Posillico Civil, Inc., appellant.

Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless and Erin E. Zecca of counsel), for appellant.
The Law Offices of James V. Mattone, PLLC, Bayside, NY (Nora Constance Marino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Posillico Civil, Inc., appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 24, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, the administrator of the estate of Jacques Seccatore (hereinafter the decedent), commenced this negligence action against multiple defendants, alleging that the decedent was injured when he was struck by a vehicle operated by the defendant Richard Naudius as the decedent was crossing a street. The accident allegedly occurred while Naudius was attempting to make a left turn onto the south service road of the Long Island Expressway after traversing the Ronkonkoma Avenue Bridge, which was being refurbished by the defendant Posillico Civil, Inc. (hereinafter Posillico), under a contract between Posillico and the New York State Department of Transportation (hereinafter NYSDOT). Construction barrels and signs placed on the roadway by Posillico allegedly obscured Naudius's view of the decedent. Posillico moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Posillico appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]).
Here, Posillico established, prima facie, that it did not owe a duty of care to the decedent because the decedent was not a party to Posillico's contract with NYSDOT (see Turner v [*2]Birchwood of the Green Owners Corp., 171 AD3d 1119, 1121; Glover v John Tyler Enters., Inc., 123 AD3d 882, 882). In opposition, the plaintiff raised a triable issue of fact as to whether Posillico launched a force or instrument of harm by negligently placing the construction barrels and signs in a manner that obstructed Naudius's view of the decedent (see Guzman v Jamaica Hosp. Med. Ctr., 190 AD3d 705, 706; Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813, 814), and as to whether Posillico's negligent placement of those safety devices was a proximate cause of the accident (see Poveromo v Town of Cortlandt, 127 AD3d 835, 838; Jordan v Aviles, 288 AD2d 347, 348). Because the plaintiff "established the existence of material issues of fact which require a trial of the action" (Matter of Cassini, 120 AD3d 799, 800 [internal quotation marks omitted]), the Supreme Court properly denied Posillico's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court