Arnone v Morton's of Chicago/Great Neck, LLC (2020 NY Slip Op 02997)





Arnone v Morton's of Chicago/Great Neck, LLC


2020 NY Slip Op 02997


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-11639
 (Index No. 603842/15)

[*1]John Arnone, appellant,
v
Morton's of Chicago/Great Neck, LLC, et al., defendants, Con-Kel Landscaping, Inc., respondent.


Rosner Russo Shahabian PLLC, Uniondale, NY (Jonathan P. Shahabian of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered September 20, 2017. The order, insofar as appealed from, granted the motion of the defendant Con-Kel Landscaping, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained injuries as the result of an incident that occurred on March 5, 2015, when he slipped and fell on ice/snow in a parking lot in Great Neck. A contract between the defendant Morton's of Chicago/Great Neck, LLC, and the defendant Con-Kel Landscaping, Inc. (hereinafter Con-Kel), set forth that Con-Kel would provide certain snow removal services at the premises. The plaintiff commenced an action against Con-Kel which was consolidated with an action he had previously commenced against the other defendants. Con-Kel moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it did not owe the plaintiff a duty of care. The Supreme Court granted Con-Kel's motion. The plaintiff appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, there are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citation and internal quotation marks omitted]).
Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the [*2]exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Burger v Brickman Group Ltd., LLC, 174 AD3d 568, 569; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Here, Con-Kel demonstrated its prima facie entitlement to judgment as a matter of law by coming forward with evidence that the plaintiff was not a party to its snow removal contract (see Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 895-896; Foster v Herbert Slepoy Corp., 76 AD3d at 214). Since the plaintiff did not allege facts in his complaint or bill of particulars which would establish that Con-Kel launched a force or instrument of harm by creating or exacerbating the alleged dangerous condition, Con-Kel was not required to demonstrate that this exception did not apply in order to meet its prima facie burden (see Laronga v Atlas-Suffolk Corp., 164 AD3d at 896; Foster v Herbert Slepoy Corp., 76 AD3d at 214). As Con-Kel made the requisite prima facie showing based on the plaintiff's allegations, the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (see Foster v Herbert Slepoy Corp., 76 AD3d at 214). The plaintiff failed to sustain this burden.
Accordingly, we agree with the Supreme Court's determination to grant Con El's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court