Szulinska v Elrob Realty, LLC (2021 NY Slip Op 00198)





Szulinska v Elrob Realty, LLC


2021 NY Slip Op 00198


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-09415
 (Index No. 500837/15)

[*1]Teresa Szulinska, appellant, 
v
Elrob Realty, LLC, et al., defendants, New Empire Builder Corp., respondent.


William Pager, Brooklyn, NY, for appellant.
Fleischner Potash LLP, Mineola, NY (Nancy Davis Lewis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 28, 2018. The order granted the motion of the defendant New Empire Builder Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries as the result of an incident that occurred on September 16, 2014, when she tripped and fell on a sidewalk bridge abutting a construction site owned by the defendant Elrob Realty, LLC (hereinafter Elrob). The defendant New Empire Builder Corp. (hereinafter New Empire) was listed as a contractor on certain building permits relating to the construction site.
The plaintiff commenced this personal injury action against Elrob and New Empire, and another defendant. After the completion of discovery, New Empire moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it did not construct the allegedly dangerous sidewalk bridge, had no duty to maintain or repair it, and consequently, did not owe the plaintiff a duty of care. The Supreme Court granted New Empire's motion, and the plaintiff appeals.
"As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control, or special use of the property" (Leitch-Henry v Doe Fund, Inc., 179 AD3d 655; see Ruffino v New York City Tr. Auth., 55 AD3d 817, 818). In New York City, "[n]otwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (Administrative Code of City of NY § 7-210[b]).
Here, it is undisputed that Elrob, not New Empire, was the owner of the adjacent property. At most, New Empire had a contractual relationship with Elrob. "'[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 862, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, there are 'three situations in which a party who enters [*2]into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 862-863, quoting Espinal v Melville Snow Contrs., 98 NY2d at 140 [citations and internal quotation marks omitted]). "Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 863; see Burger v Brickman Group Ltd., LLC, 174 AD3d 568, 569; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Even assuming that the plaintiff's allegation that New Empire "caused and created" the allegedly dangerous sidewalk bridge is sufficient to invoke the first Espinal exception, New Empire affirmatively demonstrated that the exception did not apply. Specifically, New Empire established, prima facie, that it submitted a bid to Elrob to be the general contractor for the construction project and obtained certain permits for the construction site on behalf of Elrob, including permits for the fencing surrounding the site. However, Elrob ultimately did not hire New Empire as the general contractor, and New Empire neither constructed nor maintained the allegedly dangerous sidewalk bridge.
As New Empire made the requisite prima facie showing based on the plaintiff's allegations, the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (see Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 863). The plaintiff failed to sustain this burden. Accordingly, we agree with the Supreme Court's determination to grant New Empire's motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court