Matter of Baig (2021 NY Slip Op 01763)





Matter of Baig


2021 NY Slip Op 01763


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-01924

[*1]In the Matter of Naveed Baig, deceased. Fouzia Naveed, petitioner-respondent; Ghulam Baig, respondent-respondent; New York City Employees' Retirement System, respondent-appellant. (File No. 4751/15)


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Jeremy W. Shweder of counsel), for respondent-appellant.
Brooklyn Legal Services, Brooklyn, NY (Gary Stone of counsel), for petitioner-respondent.
Sam P. Israel, P.C., New York, NY (Timothy Savitsky of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA 1421 to determine the effect of the petitioner's election to take her elective share of the decedent's estate and to direct the New York City Employees' Retirement System to pay the petitioner her elective share of the decedent's death benefit, the New York City Employees' Retirement System appeals from an order and decree (one paper) of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated December 13, 2017. The order and decree, insofar as appealed from, (1) granted that branch of the petitioner's motion which was for summary judgment on the petition, (2), in effect, denied that branch of the petitioner's motion which, alternatively, was to direct Ghulam Baig to pay the petitioner her elective share of the decedent's estate, and (3) denied that branch of the cross motion of the New York City Employees' Retirement System which was for summary judgment dismissing the petition.
ORDERED that the appeal from so much of the order and decree as, in effect, denied that branch of the petitioner's motion which was to direct Ghulam Baig to pay the petitioner's elective share of the decedent's estate is dismissed, as the appellant is not aggrieved by that portion of the order and decree (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order and decree is reversed insofar as reviewed, on the law, with costs, that branch of the petitioner's motion which was for summary judgment on the petition is denied, and that branch of the cross motion of the New York City Employees' Retirement System which was for summary judgment dismissing the petition is granted.
The petitioner was married to the decedent, Naveed Baig, with whom she has four minor children. At the time of his death on July 9, 2015, the decedent was survived by the petitioner, his children, and his father, Ghulam Baig (hereinafter Ghulam). Prior to his death, the decedent [*2]named Ghulam as the sole beneficiary of his New York City Employees' Retirement System (hereinafter NYCERS) death benefit.
The petitioner notified NYCERS of the decedent's death in August 2015 and inquired if she or any of her children were named beneficiaries of the decedent's death benefit. In December 2015, NYCERS sent a letter to the petitioner explaining the process by which she could elect to take a share of the decedent's death benefit. The letter further stated that NYCERS would distribute the death benefit in its entirety to the named beneficiary unless the petitioner served upon it within 30 days a court order preventing it from making such distribution.
In a letter dated February 1, 2016, NYCERS informed the petitioner that it would no longer retain the decedent's death benefit and would distribute it to the designated beneficiary. On February 11, 2016, the petitioner requested an extension of time for NYCERS to retain the decedent's death benefit. NYCERS granted the petitioner's request and extended the petitioner's deadline to serve upon it an order preventing it from distributing the entire death benefit to the named beneficiary until April 25, 2016. The petitioner did not serve NYCERS with such an order prior to the expiration of the deadline. On May 20, 2016, NYCERS paid the entirety of the decedent's death benefit to Ghulam. On July 2, 2016, the petitioner filed her written notice of election with the Surrogate's Court.
The petitioner thereafter commenced the instant proceeding to determine the effect of her election to take her elective share of the decedent's estate and to direct NYCERS to pay the petitioner her elective share of the decedent's death benefit. The petitioner moved for summary judgment on the petition or, alternatively, to direct Ghulam to pay the petitioner her elective share pursuant to EPTL 5-1.1-A(c)(2). NYCERS cross-moved for summary judgment dismissing the petition or, alternatively, for summary judgment on its cross claims for contribution and unjust enrichment against Ghulam.
In an order and decree dated December 13, 2017, the Surrogate's Court granted that branch of the petitioner's motion which was for summary judgment against NYCERS and directed NYCERS to pay the petitioner her elective share of the decedent's death benefit. The court denied NYCERS's cross motion for summary judgment. NYCERS appeals.
"EPTL 5-1.1-A grants a surviving spouse a personal right of election to take a share of a decedent's estate" (Matter of Atiram, 83 AD3d 1055, 1055; see EPTL 5-1.1-A[a]). Pursuant to EPTL 5-1.1-A(b)(1)(G), money payable under a death benefit is treated as a testamentary substitute and is included in the net estate subject to a surviving spouse's elective right. "Except as otherwise expressly provided in the will or other instrument making a testamentary provision, ratable contribution to the share to which the surviving spouse is entitled shall be made by the beneficiaries and distributees (including the recipients of any such testamentary provision), other than the surviving spouse, under the decedent's will, by intestacy and other instruments making testamentary provisions" (EPTL 5-1.1-A[c][2]).
A surviving spouse's election to take a share of the decedent's estate "must be made within six months from the date of issuance of letters testamentary or of administration, as the case may be, but in no event later than two years after the date of decedent's death" (EPTL 5-1.1-A[d][1]). A surviving spouse must file written notice of such election in the Surrogate's Court that issued the letters testamentary or of administration (see EPTL 5-1.1-A[d][1]).
The provisions of EPTL 5-1.1-A(b) "shall not prevent a corporation or other person from paying or transferring any funds or property to a person otherwise entitled thereto, unless there has been served personally upon such corporation or other person a certified copy of an order enjoining such payment or transfer made by the surrogate's court having jurisdiction of the decedent's estate or by another court of competent jurisdiction" (EPTL 5-1.1-A[b][4] [emphasis added]). EPTL 5-1.1-A(b)(4) further provides that a "corporation or other person paying or transferring any funds or property described in clause (G) of subparagraph one of this paragraph," which includes death benefits, "to a person otherwise entitled thereto, shall be held harmless and free from any liability for making such payment or transfer, in any action or proceeding which involves [*3]such funds or property."
Here, it is undisputed that the petitioner did not serve NYCERS with an order enjoining it from paying the entirety of the decedent's death benefit to the named beneficiary, Ghulam. Accordingly, pursuant to EPTL 5-1.1-A(b)(4), NYCERS "shall be held harmless and free from any liability for making such payment" in the instant proceeding.
The petitioner's argument that NYCERS should be equitably estopped from relying on EPTL 5-1.1-A(b)(4), raised for the first time on appeal, is not properly before this Court (see J.P. Morgan Chase Bank, N.A. v Cortes, 96 AD3d 803, 804; NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court