Martinelli v Dublin Deck, Inc. (2021 NY Slip Op 05330)





Martinelli v Dublin Deck, Inc.


2021 NY Slip Op 05330


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-07657
 (Index No. 605137/16)

[*1]Vincent Martinelli, appellant, 
v
Dublin Deck, Inc., et al., respondents, et al., defendant.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Scott D. Middleton, Meghan M. Dolan, and Kyle C. Brewster of counsel), for appellant.
Kiernan Trebach, LLP, New York, NY (Steven H. Rosenfeld of counsel), for respondent Dublin Deck, Inc.
Charles F. Harms, Jr., Garden City, NY (James R. Pieret of counsel), for respondent Professional Security Services, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 10, 2019. The order granted the separate motions of the defendants Dublin Deck, Inc., and Professional Security Services, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained during an altercation with another patron at a bar and restaurant in Patchogue owned by the defendant Dublin Deck, Inc. (hereinafter Dublin Deck). The defendant Professional Security Services, Inc. (hereinafter PSS), provided security personnel at the location pursuant to a contract with Dublin Deck. Dublin Deck and PSS separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted both motions, and the plaintiff appeals.
A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the
opportunity to control such conduct, and is reasonably aware of the need to do so (see D'Amico v Christie, 71 NY2d 76, 85; Solomon v National Amusements, Inc., 128 AD3d 947, 948; Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626). However, "the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192; see Solomon v National Amusements, Inc., 128 AD3d at 948; Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684).
Dublin Deck demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. In support of its motion, Dublin Deck submitted, inter alia, the deposition testimony of the plaintiff and representatives of Dublin Deck and PSS, which showed that security personnel were assigned to the area where the altercation occurred and that such personnel interceded immediately when the altercation began. Dublin Deck's submissions also demonstrated that the plaintiff was slashed by a person who was not involved in [*2]the incident, and the incident was spontaneous. Under the circumstances, Dublin Deck eliminated triable issues of fact as to whether the assault on the plaintiff could have been reasonably anticipated and prevented (see Scharff v L.A. Fitness Intl., LLC, 139 AD3d 929, 929-930; Afanador v Coney Bath, LLC, 91 AD3d at 683-684; Rishty v DOM, Inc., 67 AD3d 662, 663). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Dublin Deck's motion for summary judgment dismissing the complaint insofar as asserted against it.
As to PSS, the general rule is that a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (see id. at 140; George v Marshalls of MA, Inc., 61 AD3d 925, 928). Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 863; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, PSS demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by presenting evidence that the plaintiff was not a party to the security contract (see Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 863). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted PSS's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court