Butnik v Luna Park Hous. Corp. (2021 NY Slip Op 07293)





Butnik v Luna Park Hous. Corp.


2021 NY Slip Op 07293


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-02760
 (Index No. 502337/14)

[*1]Suellen Butnik, et al., appellants,
v
Luna Park Housing Corp., defendant, Technical Construction Services, Inc., respondent (and third-party actions).


Zaremba Brown PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (I. Elie Herman of counsel), for respondent.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for third-party/second third-party defendant Toron Restoration Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Edgar G. Walker, J.), entered January 29, 2018. The judgment, insofar as appealed from, upon an order of the same court dated November 17, 2017, inter alia, granting that branch of the motion of the defendant Technical Construction Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiffs dismissing the complaint insofar as asserted against it.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On June 27, 2013, the plaintiff Suellen Butnik (hereinafter the injured plaintiff) allegedly was injured while attempting to open a window in her apartment. The window had a crack in the glass pane, which shattered, and fell onto the injured plaintiff's hand. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries against Technical Construction Services, Inc. (hereinafter Technical), the general contractor for a facade restoration project which was ongoing at the time of the accident, and another entity. The plaintiffs alleged, among other things, that Technical "caused and created" an unsafe condition involving the window through the negligent performance of work to the exterior of the building.
Technical moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 17, 2017, the Supreme Court, among other things, granted that branch of Technical's motion. In a judgment entered January 29, 2018, the court, inter alia, dismissed the complaint insofar as asserted against Technical. The plaintiffs appeal.
A contractual obligation to supervise a project, standing alone, generally will not give [*2]rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Guzman v Jamaica Hosp. Med. Ctr., 190 AD3d 705, 706). However, insofar as relevant here, the Court of Appeals has recognized an exception to this general rule where the contracting party, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Foster v Herbert Slepoy Corp., 76 AD3d 210, 213). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882).
Here, even assuming that the plaintiffs' allegation that Technical "caused and created" a dangerous condition was sufficient to invoke the first Espinal exception, Technical demonstrated, prima facie, that the exception did not apply (see Szulinska v Elrob Realty, LLC, 190 AD3d 777, 779). Specifically, Technical established, prima facie, that it did not perform the facade work on the exterior of the building which allegedly caused the dangerous condition, and that such work was performed by a subcontractor (see Kenny v Turner Constr. Co., 155 AD3d 479, 480; Miller v Infohighway Communications Corp., 115 AD3d 713, 715). In opposition to Technical's prima facie showing, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of Technical's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court