Canciani v Stop & Shop Supermarket Co., LLC (2022 NY Slip Op 01986)





Canciani v Stop & Shop Supermarket Co., LLC


2022 NY Slip Op 01986


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2019-06485
 (Index No. 610209/15)

[*1]Roberto Canciani, appellant, 
v
Stop & Shop Supermarket Company, LLC, et al., respondents.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
Sobel Pevzner, LLC, Huntington, NY (David M. Goldman of counsel), for respondents Stop & Shop Supermarket Company, LLC, and RGP Owners DP, LLC.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent O & M Maintenance of Long Island, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 17, 2019. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant RGP Owners DP, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant RGP Owners DP, LLC, and one bill of costs to the defendant O & M Maintenance of Long Island, Inc., payable by the plaintiff.
On January 6, 2015, the plaintiff allegedly slipped and fell on snow and ice in the parking lot of a store operated by the defendant Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop). The parking lot was owned by the defendant RGP Owners DP, LLC (hereinafter RGP), which had contracted with the defendant O & M Management of Long Island, Inc. (hereinafter O & M), for snow removal services.
On September 24, 2015, the plaintiff commenced the instant action to recover damages for personal injuries. The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated April 17, 2019, the Supreme Court, among other things, granted those branches of the defendants' separate motions. The plaintiff appeals.
"'[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, [*2]862, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138), and "[a] limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties" (Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 895 [internal quotation marks omitted]). "However, there are 'three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 862-863, quoting Espinal v Melville Snow Contrs., 98 NY2d at 140).
"Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 863; see Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811; Foster v Herbert Slepoy Corp., 76 AD3d 210, 213-214).
Here, O & M demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by coming forward with evidence that the plaintiff was not a party to its snow removal contract (see Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 862; Laronga v Atlas-Suffolk Corp., 164 AD3d at 894). Since the plaintiff did not allege facts in the complaint or bill of particulars that would establish the possible applicability of any of the Espinal exceptions, O & M, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply (see Laronga v Atlas-Suffolk Corp., 164 AD3d at 896; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811-812). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions (see Foster v Herbert Slepoy Corp., 76 AD3d at 214). Accordingly, the Supreme Court properly granted that branch of O & M's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Additionally, the Supreme Court properly granted that branch of Stop & Shop's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property" (Millman v Citibank, 216 AD2d 278, 278; see Guzman v Jamaica Hosp. Med. Ctr., 163 AD3d 636, 637; Vale v 221 Thompson, LLC, 82 AD3d 754, 754). Here, Stop & Shop established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that, under the terms of its lease with RGP, RGP was responsible for maintaining the parking lot and for snow and ice removal and that Stop & Shop was not in exclusive possession of the parking lot. Moreover, there was no evidence that Stop & Shop created the condition that allegedly caused the plaintiff's alleged accident. Under these circumstances, Stop & Shop owed the plaintiff no duty of care to maintain the parking lot or perform snow and ice removal services, and may not be held liable for the existence of a dangerous condition (see Guzman v Jamaica Hosp. Med. Ctr., 163 AD3d at 637; Millman v Citibank, 216 AD2d at 278). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court erred in granting that branch of RGP's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Elizee v Village of Amityville, 172 AD3d 1004, 1004; see Rivera v Roman Catholic Archdiocese of N.Y., 197 AD3d 744; Zimmer v County of Suffolk, 190 AD3d 898, 898; Elassad v Nastasi, 165 AD3d 1040, 1040). Thus, "[i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor [*3]had actual or constructive notice of its existence" (Elizee v Village of Amityville, 172 AD3d at 1004; see Elassad v Nastasi, 165 AD3d at 1040).
"To be entitled to summary judgment dismissing the complaint, the defendant's prima face burden 'may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell'" (Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687, quoting Fisher v Kasten, 124 AD3d 714, 714). "'Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm'" (Johnson v Pawling Cent. Sch. Dist., 196 AD3d at 687, quoting Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 748).
Here, RGP failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based on the storm in progress rule. In support of its motion, RGP relied upon an affidavit and report of a meteorologist who opined that a storm was in progress at the time the plaintiff allegedly slipped and fell on ice. However, copies of the records upon which the meteorologist relied in forming his opinion were not attached to the report, and thus, the report has no probative value (see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 525; Daniels v Meyers, 50 AD3d 1613, 1614; Schuster v Dukarm, 38 AD3d 1358, 1359). RGP's contention that it sustained its prima facie burden by demonstrating that it lacked actual or constructive notice of the alleged dangerous condition, raised for the first time on appeal, is not properly before this Court (see Matter of Baig, 192 AD3d 1010). Since RGP failed to meet its prima facie burden, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court