Forbes v Equity One Northeast Portfolio, Inc. (2023 NY Slip Op 00305)

Forbes v Equity One Northeast Portfolio, Inc.

2023 NY Slip Op 00305

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-02311
 (Index No. 619862/16)

[*1]Glenn Forbes, plaintiff-respondent,
v
Equity One Northeast Portfolio, Inc., defendant-respondent, World Maintenance, LLC, appellant, et al., defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (I. Elie Herman, Ilysa Cholewa, and Patrick J. Lawless of counsel), for appellant.
Kujawski & Kujawski, Deer Park, NY (Mark Kujawski and Jennifer A. Spellman of counsel), for plaintiff-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant World Maintenance, LLC, appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 12, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendant World Maintenance, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and the cross-claim for contractual indemnification asserted against it by the defendant Equity One Northeast Portfolio, Inc., and on its cross-claim for contractual indemnification asserted against the defendant Equity One Northeast Portfolio, Inc.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant World Maintenance, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and the cross-claim for contractual indemnification asserted against it by the defendant Equity One Northeast Portfolio, Inc., and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant World Maintenance, LLC, payable by the plaintiff.
The plaintiff commenced this consolidated action to recover damages for personal injuries allegedly resulting from a slip and fall on black ice in a parking lot owned by the defendant Equity One Northeast Portfolio, Inc. (hereinafter Equity). The factual background of this appeal is set forth in greater detail in our decision and order on a related appeal (see Forbes v Equity One Northeast Portfolio, Inc., ____ AD3d ____ [Appellate Division Docket No. 2020-00799; decided herewith]). As relevant here, the defendant World Maintenance, LLC (hereinafter WM), an alleged snow removal contractor, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and Equity's cross-claim for contractual indemnification asserted against it, and on its cross-claim for contractual indemnification asserted against Equity. WM argued that it did not owe a duty of care to the plaintiff. In an order dated March 12, 2021, the Supreme Court, among other things, denied those branches of WM's motion. WM appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635-637; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013; Martinelli v Dublin Deck, Inc., 198 AD3d at 637).
Here, WM demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by coming forward with evidence that the plaintiff was not a party to the snow removal contract (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d 854, 855). Since the plaintiff did not allege facts in the pleadings that would establish the possible applicability of any of the Espinal exceptions, WM was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d at 855-856). In opposition, the plaintiff failed to raise a triable issue of fact as to whether WM launched an instrument of harm (see Bronstein v Benderson Dev. Co., LLC, 167 AD3d 837, 839; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d at 856), and failed to raise a triable issue of fact as to the applicability of the other Espinal exceptions. Accordingly, the Supreme Court should have granted that branch of WM's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Additionally, the Supreme Court should have granted that branch of WM's motion which was for summary judgment dismissing Equity's cross-claim for contractual indemnification asserted against it. A party's right to contractual indemnification depends upon the specific language of the relevant contract (see Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791; George v Marshalls of MA, Inc., 61 AD3d 925, 930). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see Khan v 40 Wall Ltd. Partnership, 205 AD3d at791; George v Marshalls of MA, Inc., 61 AD3d at 930). Here, pursuant to a snow removal contract, WM agreed to indemnify Equity for loss incurred "as a result of the gross negligence, willful misconduct, fraud, or actions outside the scope of the authority granted hereunder by Contractor or Contractor's Affiliates . . . shareholders, employees, or agents." WM established, prima facie, that none of these conditions were triggered. In opposition, Equity failed to raise a triable issue of fact.
Contrary to WM's contention, it failed to establish, prima facie, that it was entitled to summary judgment on its cross-claim for contractual indemnification asserted against Equity. Triable issues of fact exist as to whether WM breached the snow removal contract by failing to perform one or more of the services for which it was retained (see Abramowitz v Home Depot USA, Inc., 79 AD3d 675, 677). Accordingly, the Supreme Court properly denied that branch of WM's motion which was for summary judgment on its cross-claim for contractual indemnification asserted against Equity.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court