Martins v Stickle (2024 NY Slip Op 02531)

Martins v Stickle

2024 NY Slip Op 02531

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-05433
 (Index No. 52683/18)

[*1]Jacqueline Martins, et al., respondents, 
v
Edward A. Stickle, defendant third-party defendant-appellant, Edward A. Stickle Excavating Contractor, defendant-appellant, K.D.K. Realty Corporation, defendant third-party plaintiff-appellant, et al., third-party defendant.

Murphy & Labmiase, Goshen, NY (George Smith of counsel), for defendant third-party defendant-appellant and defendant-appellant.
Smith Sovik Kendrik & Sugnet P.C., White Plains, NY (Cary S. Nosowitz of counsel), for defendant third-party plaintiff-appellant.
Meagher & Meagher, P.C., White Plains, NY (Matthew S. Martin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, and the defendant third-party defendant Edward A. Stickle and the defendant Edward A. Stickle Excavating Contractor separately appeal, from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated July 12, 2021. The order, insofar as appealed from by the defendant third-party plaintiff, denied that branch of the motion of the defendant third-party plaintiff for summary judgment dismissing the amended complaint insofar as asserted against it. The order, insofar as appealed from by the defendant third-party defendant and the defendant, denied that branch of the motion of the defendant third-party defendant and the defendant for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
In August 2018, the plaintiff Jacqueline Martins (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against K.D.K. Realty Corporation (hereinafter K.D.K.), inter alia, to recover damages for personal injuries the injured plaintiff allegedly sustained when she slipped and fell on ice in a parking lot owned and managed by K.D.K. K.D.K. commenced a third-party action against Edward A. Stickle, who allegedly had entered into a contract with K.D.K. to remove snow and ice from the parking lot. Thereafter, the plaintiffs filed an amended complaint adding Stickle and his company, Edward A. Stickle Excavating Contractor (hereinafter together the Stickle defendants), as defendants.
In February 2021, K.D.K. moved, inter alia, for summary judgment dismissing the [*2]amended complaint insofar as asserted against it. The Stickle defendants separately moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated July 12, 2021, the Supreme Court, inter alia, denied K.D.K.'s motion and the Stickle defendants' motion. K.D.K. appeals, and the Stickle defendants separately appeal.
When a defendant moves for summary judgment "'in an action predicated upon the presence of snow or ice,'" that defendant "'has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition'" (Cassino-Sharp v Whispering Hills Home Owners Assn., Inc., 219 AD3d 457, 458, quoting Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). K.D.K. established its prima facie entitlement to judgment as a matter of law (see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 664). However, the evidence submitted by the plaintiffs in opposition, including a report from a meteorologist concluding that fluctuating temperatures the day before and the morning of the incident would have caused nearby snow piles to melt and refreeze, was sufficient to raise a triable issue of fact as to whether the snow removal operation of K.D.K. and the Stickle defendants affirmatively created the icy condition on which the injured plaintiff fell (see O'Sullivan v City of Long Beach, 209 AD3d 757, 758; Smith v County of Orange, 51 AD3d 1006, 1006). Therefore, the Supreme Court properly denied that branch of K.D.K.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Generally, "a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Sarisohn v Plaza Realty Servs., Inc., 109 AD3d 654, 654 [internal quotation marks omitted]). However, an independent contractor may assume a duty of care, and thus be liable in tort to third parties, "'(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1012-1013, quoting Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 863 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140).
Here, the Stickle defendants failed to eliminate the existence of triable issues of fact as to whether they affirmatively created the dangerous ice condition on which the injured plaintiff fell (see Nicosia v Bucky Demelas & Son Landscape Contrs., Inc., 194 AD3d 826, 828), as to whether the injured plaintiff detrimentally relied on their continued performance of ice and snow removal services (cf. Foster v Herbert Slepoy Corp., 76 AD3d 210, 215), and as to whether their contractual duty entirely displaced K.D.K.'s duty to maintain the premises (see Sampaiolopes v Lopes, 172 AD3d 1128, 1130; Hsu v City of New York, 145 AD3d 759, 761). Accordingly, the Supreme Court properly denied that branch of the Stickle defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
K.D.K.'s remaining contention is without merit.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court