Gatanas v Community Servs. Support Corp. (2024 NY Slip Op 03411)

Gatanas v Community Servs. Support Corp.

2024 NY Slip Op 03411

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2023-02902
 (Index No. 715603/20)

[*1]Joanne Demitra Gatanas, appellant, 
v
Community Services Support Corporation, et al., defendants, Woodbury Landscaping, Inc., respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered March 13, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Woodbury Landscaping, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell as result of ice on the ground between two parked vehicles at her employer's premises located at 280 Crossways Park Drive in Woodbury. The accident allegedly occurred immediately after the plaintiff walked over and across a two- to three-foot-high mound of snow situated upon a landscaped median (hereinafter the median) separating her employer's parking lot from the neighboring parking lot located at 260 Crossways Park Drive. At the time of the accident, the defendant Woodbury Landscaping, Inc. (hereinafter Woodbury Landscaping), had a contract to, among other things, remove snow and ice from the parking lot located at 280 Crossways Park Drive. Woodbury Landscaping did not perform snow removal at the parking lot located at 260 Crossways Park Drive.
The plaintiff commenced this action against Woodbury Landscaping to recover damages for personal injuries alleging, inter alia, that Woodbury Landscaping was negligent in its maintenance of the employer's parking lot and in creating a dangerous condition. The plaintiff also commenced a separate personal injury action against other defendants. Those actions were subsequently consolidated. Thereafter, Woodbury Landscaping moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. By order entered March 13, 2023, the Supreme Court, inter alia, granted that branch of Woodbury Landscaping's motion. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Tomala v Islandia Expressway Realty, LLC, 216 AD3d 696, 698; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780). "However, a party that enters into a contract to render services may be said to have [*2]assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Tomala v Islandia Expressway Realty, LLC, 216 AD3d at 698; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781).
Here, since the plaintiff's complaint and bill of particulars alleged that Woodbury Landscaping created the icy condition in the subject parking lot, thereby launching a force or instrument of harm that caused the plaintiff's injuries, Woodbury Landscaping, in support of its motion for summary judgment, was required to establish, prima facie, that it did not create the alleged dangerous condition (see Tomala v Islandia Expressway Realty, LLC, 216 AD3d at 698; Conrad v Global Indus. Servs., Inc., 180 AD3d 868, 869; Yvars v Marble Hgts. of Westchester, Inc., 158 AD3d 850, 851; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773). Woodbury Landscaping established, prima facie, that it did not create the icy condition by piling snow on the median at any point prior to the accident, as Woodbury Landscaping would never remove snow from the median nor would it have piled snow on or against the median. Contrary to the plaintiff's contention, the Supreme Court properly determined that the deposition testimony of the plaintiff's employer, a transcript of which was submitted in support of Woodbury Landscaping's motion, did not raise a triable issue of fact as to whether Woodbury Landscaping created the icy condition by piling snow on the median in relation to any snow removal efforts it undertook prior to the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Woodbury Landscaping' motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court