Walsh v Steel O-III, LLC (2024 NY Slip Op 04160)

Walsh v Steel O-III, LLC

2024 NY Slip Op 04160

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-09730
 (Index No. 600185/17)

[*1]Richard Walsh, appellant, 
v
Steel O-III, LLC, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondent Steel O-III, LLC.
Keith J. Conway, Melville, NY (Frank R. Matozzo of counsel), for respondent Broadway Maintenance, LLC.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 17, 2022. The order granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured when he slipped and fell on ice on the floor of the exterior loading bay at the trucking terminal where he worked. The subject premises were owned by the defendant Steel O-III, LLC (hereinafter Steel), and were leased to the plaintiff's employer, Old Dominion Freight Lines, Inc. (hereinafter Old Dominion). Thereafter, the plaintiff commenced this action against Steel and a separate action against the defendant Broadway Maintenance, LLC (hereinafter Broadway), the company hired by Old Dominion to perform snow and ice removal services at the premises. The two actions were later consolidated. Steel moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it was an out-of-possession landlord and had no duty to remove snow and ice. Broadway moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not owe a duty to the plaintiff. In an order dated October 17, 2022, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The Supreme Court properly granted Steel's motion for summary judgment dismissing the complaint insofar as asserted against it. "'An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition'" (Muller v City of New York, 185 AD3d 834, 835, quoting Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267). "However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a duty imposed by statute or assumed by contract or a course of conduct" (Achee v Merrick Vil., Inc., 208 AD3d 542, 543-544; see Alnashmi v Certified Analytical Group, [*2]Inc., 89 AD3d 10, 18). Here, Steel established its prima facie entitlement to judgment as a matter of law by submitting evidence that it was an out-of-possession landlord who was not obligated under the lease to remove snow and ice from the premises and did not retain a sufficient degree of control over the premises to provide a basis for liability (see Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 555; Achee v Merrick Vil., Inc., 208 AD3d at 543-544). Moreover, Steel established, prima facie, that it did not create the alleged icy condition and that it did not have actual or constructive notice of the icy condition (see Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1121; Somekh v Valley Natl. Bank, 151 AD3d 783, 785). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted Broadway's motion for summary judgment dismissing the complaint insofar as asserted against it. Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140). Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013; Martinelli v Dublin Deck, Inc., 198 AD3d at 637).
Here, Broadway demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by coming forward with evidence that the plaintiff was not a party to the snow removal contract (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d 854, 855). Since the plaintiff did not allege facts in the pleadings that would establish the possible applicability of any of the Espinal exceptions, Broadway was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d at 855-856). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Broadway launched an instrument of harm (see Bronstein v Benderson Dev. Co., LLC, 167 AD3d 837, 839; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d at 856) and failed to raise a triable issue of fact as to the applicability of the other Espinal exceptions.
The plaintiff's remaining contentions either are without merit or not properly before this Court.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court