Hernandez v City of New York (2025 NY Slip Op 04883)

Hernandez v City of New York

2025 NY Slip Op 04883

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-12760
 (Index No. 714119/22)

[*1]Rosa Neri Hernandez, respondent, 
vCity of New York, et al., defendants, 102 Holding Corp., appellant.

Jacobson & Schwartz, Jericho, NY (Henry J. Cernitz of counsel), for appellant.
Gabriel Law Firm, P.C., Rockville Centre, NY (Jeffrey Bloomfield of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 102 Holding Corp. appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated October 29, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant 102 Holding Corp. (hereinafter the defendant), among others, to recover damages for personal injuries that she allegedly sustained when she slipped and fell on snow-covered ice on a sidewalk abutting the defendant's premises. The defendant moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated October 29, 2024, the Supreme Court denied the motion. The defendant appeals.
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014 [internal quotation marks omitted]; see Cerar v Jefferson Val. Mall L.P., 225 AD3d 738, 739). "Thus, [i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1014 [internal quotation marks omitted]).
However, "[a] landowner will not be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter" (Pennino v Brooklyn Kings Plaza, LLC, 186 AD3d 1701, 1702). "To be entitled to summary judgment dismissing the complaint, the defendant's prima facie burden may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell" (Cerar v Jefferson Val. Mall L.P., 225 AD3D at 739 [internal quotation marks omitted]; see Venza v Catholic Charities of [*2]the Diocese of Rockville Ctr., 235 AD3d 804, 806).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it under the storm-in-progress rule. The evidence submitted by the defendant in support of its motion, which included, among other things, a transcript of the plaintiff's deposition testimony, failed to establish that the ice upon which the plaintiff slipped and fell was the result of an ongoing storm as opposed to the accumulation of ice from prior snowfalls (see Venza v Catholic Charities of the Diocese of Rockville Ctr., 235 AD3d at 806-807; Cardona v City of New York, 222 AD3d 711, 712; Stukes v New York City Hous. Auth., 203 AD3d 980, 981; Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC, 201 AD3d 766, 767).
Since the defendant failed to meet its initial burden as the movant, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court