■ DANIEL MORALES, Respondent, v P.S. ELEVATOR, INC., Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant P.S. Elevator, Inc. appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated September 27, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant.

The plaintiff, a busboy, sustained injuries when he slipped, apparently on spilled food, and fell down a staircase which connected a kitchen to a cafe one flight above. The staircase was being used by the plaintiff to transport food and drink between the kitchen and the cafe because the dumbwaiter normally used for that purpose was not working. The plaintiff commenced the instant action against, among others, the appellant P.S. Elevator, Inc., the company obligated to inspect and maintain the dumbwaiter. (The action against all defendants other than the appellant has been discontinued.) The appellant elevator company subsequently moved for summary judgment, and that motion was denied without prejudice to renew upon the completion of discovery. We reverse.

While the appellant can be charged with the duty of inspecting and maintaining the dumbwaiter in question, it clearly was not required to keep the staircase upon which the plaintiff fell free from debris. The plaintiff's accident is simply too far removed from the orbit of the appellant's duty to inspect and maintain the dumbwaiter to serve as a predicate for the imposition of liability *(see, Pulka v Edelman,* 40 NY2d 781). Accordingly, the appellant is entitled to summary judgment.

The plaintiff's contention that the motion for summary judgment is premature is without merit, as the plaintiff failed to set forth any reason to believe that additional discovery would reveal a relevant triable issue of fact *(see, Krinick v Sharac Rest.,* 144 AD2d 440). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.