■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator D.B.N. of the Estate of ISSAKA ZANGO, Deceased, Respondent, v FIFTH AVENUE DEVELOPMENT CORPORATION, Respondent, and HORIZON ELEVATOR COMPANY, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered on or about August 8, 1991, which denied defendant Horizon Elevator Company's motion for summary judgment dismissing the complaint and all cross-claims against it for failure to state a cause of action, unanimously reversed, on the law, and the motion granted, without costs. The clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing plaintiff's complaint as against it.

The complaint, as expanded by plaintiff's bill of particulars, alleges that on December 19, 1987, at about 1:00 A.M., decedent Issaka Zango experienced chest pains; that Emergency Medical Service personnel were delayed by the lack of an operable elevator and required to negotiate six flights of stairs to remove decedent from the building; that defendant's negligence in inspecting, repairing and maintaining the elevator deprived decedent of "a safe, timely and atraumatic egress from his apartment to hospital"; that, as a result, decedent sustained injury; that plaintiff's decedent expired at Mount Sinai Hospital at 3:30 A.M.; and that the cause of death was cardiac arrest. The complaint seeks damages for conscious pain and suffering and wrongful death.

Defendant Horizon's obligation to repair and maintain the elevator arises from its contract with defendant Fifth Avenue Development Corporation, the owner of the building. As we understand it, plaintiff's theory is that recovery is warranted because Horizon's performance of its contractual obligations induced detrimental reliance by decedent that elevator service would continue to be available. Plaintiff urges, in effect, that Horizon should be held liable for its failure to supply a service, the lack of which impeded an effective response to the emergency situation precipitated by decedent's heart attack. So stated, the case is indistinguishable from *Moch Co. v Rensselaer Water Co.* (247 NY 160) in which a fire at plaintiff's warehouse could not be extinguished because the defendant,

under contract with the City to supply water to fire hydrants, failed to provide water in adequate quantity and pressure. The Court of Appeals declined to impose liability upon either a contract or a tort theory, holding that the plaintiff was merely an incidental beneficiary of the contract and beyond the zone of duty which arose from defendant's performance of its obligations thereunder. More recently in *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.* (76 NY2d 220), the court held that a tenant which sustained loss as the result of a malfunctioning sprinkler system was beyond the orbit of duty arising under contracts with the building's owner for the inspection and monitoring of that system. There, as here, "the proper inquiry is simply whether the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (76 NY2d, *supra,* at 226).

It is clear that defendant Horizon would not be liable for injuries sustained by someone who slipped and fell on the stairs because the elevator which it serviced was inoperative *(Morales v P.S. Elevator,* 167 AD2d 520). Here, the injuries sustained by plaintiff's decedent arose not from his use of the stairs, which is a reasonably foreseeable consequence of an inoperable elevator, but from the onset of a heart attack. Decedent is well beyond the zone of duty arising out of defendant's performance of its obligations under the subject contract, and to impose liability in these circumstances would abrogate "the responsibility of courts, in fixing the orbit of duty, 'to limit the legal consequences of wrongs to a controllable degree' * * * and to protect against crushing exposure to liability" *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402, quoting *Tobin v Grossman,* 24 NY2d 609, 619). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.