Whaley v Carvana N.Y. City (2023 NY Slip Op 04794)

Whaley v Carvana N.Y. City

2023 NY Slip Op 04794

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02349
 (Index No. 712110/21)

[*1]Aleta Whaley, appellant, 
v
Carvana New York City, et al., defendants, Carvana, LLC, etc., et al., respondents.

Cellino Law LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellant.
Lewis, Brisbois, Bisgaard & Smith LLP, New York, NY (James M. Strauss of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 25, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Carvana, LLC, and Jerome H. Nicks.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability against the defendants Carvana, LLC, and Jerome H. Nicks is granted.
On March 20, 2020, the plaintiff's parked vehicle was struck in the rear by a vehicle operated by the defendant Jerome H. Nicks and owned by the defendant Carvana, LLC (hereinafter together the defendants). The plaintiff allegedly sustained personal injuries as a result of the accident and commenced this action against, among others, the defendants. After joinder of issue, but before the completion of discovery, the plaintiff moved for summary judgment on the issue of liability against the defendants. The Supreme Court denied the motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). "Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d 1007, 1007; see Mahmud v Feng Ouyang, 208 AD3d 861). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323; Perez v Persad, 183 AD3d 771, 771-772).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, in which she averred that her [*2]vehicle was struck in the rear by the defendants' vehicle while the plaintiff's vehicle was parked on the shoulder of the roadway (see Vehicle and Traffic Law § 1129[a]; Mahmud v Feng Ouyang, 208 AD3d at 862; Lopez v Dobbins, 164 AD3d 776, 777). In opposition to the plaintiff's prima facie showing, the defendants failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Munoz v Agenus, Inc., 207 AD3d 643, 645; State Farm Mut. Auto. Ins. Co. v Novellino, 176 AD3d 1134, 1134; Martorell v Marcus, 106 AD3d 883, 884; Hauswirth v Transcare N.Y., Inc., 97 AD3d 792). The defendants' contention that the plaintiff proximately caused the accident by violating 34 RCNY 4-07(b)(1) and 4-08(e)(1) speaks to her comparative negligence, which was not the subject of this motion and is insufficient to defeat the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d at 324-325).
The defendants' remaining contention is without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court