Curra v Mulakandova (2024 NY Slip Op 50058(U))

[*1]

Curra v Mulakandova

2024 NY Slip Op 50058(U)

Decided on January 22, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2024
Supreme Court, Nassau County

Carmelo Curra, Plaintiff,

against
Bella Mulakandova, Defendant.

Index No. 610693/2021 

 

Sarika Kapoor, J.

NYSCEF document numbers 19-33 were read and considered in deciding this motion.
Relief Requested
The plaintiff moves for summary judgment on the issue of liability.

 Background
The plaintiff allegedly was injured when a vehicle he was operating was struck in the rear by a vehicle owned and operated by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. In her answer, the defendant denied the material allegations of the complaint and asserted seven affirmative defenses.

 Motion Sequence 001
The plaintiff moves for summary judgment on the issue of liability. In an attorney affirmation submitted in support of the motion, counsel asserts that the plaintiff was stopped at a red light for at least 10 seconds when her vehicle was struck in the rear by the defendant's vehicle. In support of his motion, the plaintiff submits, inter alia, transcripts of the parties' deposition testimony. The plaintiff testified at his deposition that, when the accident occurred, his vehicle had been stopped at a red light for approximately 10 seconds when it was struck in [*2]the rear by the defendant's vehicle. Under these facts, counsel contends that there are no triable issues of fact as to how this accident occurred.
In an attorney affirmation in opposition, counsel for the defendant asserts that the motion should be denied because there remain triable issues of fact as to who is at fault in the happening of the accident. Counsel asserts that plaintiff was not paying attention when the traffic light changed color from red to green and that he should have begun moving with the expected flow of traffic. In support of her opposition, the defendant relies on, inter alia, her deposition testimony. At her deposition, the defendant testified that she was stopped behind the plaintiff's car at a red light when the light changed from red to green, the plaintiff did not move, but the defendant took her foot off the brake, causing the front of her car to make contact with the rear of the defendant's car.
In an attorney affirmation in reply, counsel for the plaintiff asserts that defendant failed to assert a non-negligent explanation for the accident by contending that the plaintiff's car should have been moving.

 Discussion
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312 [2018]). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle. Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Whaley v Carvana NY City, 219 AD3d 1561, 1562 [2d Dept 2023] [internal quotation marks and citations omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his deposition testimony, wherein he testified, inter alia, that he was stopped for at least 10 seconds before his vehicle was struck in the rear by the defendant's vehicle (see Policart v Wheels LT, 221 AD3d 920, 921-922 [2d Dept 2023]; Whaley v Carvana NY City, 219 AD3d at 1562; Bruce v Takahata, 219 AD3d 448, 449 [2d Dept 2023]; An v Abbate, 213 AD3d 891 [2d Dept 2023]). In opposition, the defendant failed to raise a triable issue of fact. The defendant's explanation for the accident, that the plaintiff's car should have been moving, is not a "non-negligent explanation for the [accident]" (see generally, Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008] [holding "(t)hat a negligent driver might be unable to stop his or her vehicle in time to avoid a collision with a stopped vehicle (is) a normal or foreseeable consequence of the situation created by the (lead vehicle)"]; see also, Johnson v Phillips, 261 AD2d 269 [1st Dept 1999]).
Additionally, upon searching the record, this Court finds that the plaintiff is also entitled to summary judgment dismissing the defendant's affirmative defense alleging comparative negligence. "[A] plaintiff moving for summary judgment dismissing a defendant's affirmative defense of comparative negligence may seek to establish freedom from comparative fault as a matter of law" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 813-814 [2022]). Here, the parties' deposition testimony established that the plaintiff was not at fault in [*3]the happening of the accident (see Tenezaca v State of New York, 220 AD3d 959, 961 [2d Dept 2023]; Mahmud v Feng Ouyang, 208 AD3d 861, 862 [2d Dept 2022]; Poon v Nisanov, 162 AD3d 804, 808 [2d Dept 2018]). In opposition, the defendant failed to raise a triable issue of fact.

 Conclusion
It is hereby,
ORDERED that the plaintiff's motion for summary judgment on the issue of liability is GRANTED, and it is further,
ORDERED that, upon searching the record, the plaintiff is awarded summary judgment dismissing the defendant's affirmative defense alleging comparative negligence, and it is further,
ORDERED that the parties appear, in person, for an INQUEST on the issue of damages ON APRIL 18, 2024 AT 9:30 AM; and it is further,
ORDERED, that the parties submit memos of law, together with proof substantiating their entitlement and/or opposition to the relief sought via the foregoing Inquest, no later than April 1, 2024.
The parties' remaining contentions have been considered and do not warrant discussion.
All other relief not specifically addressed by this Court is DENIED.
This shall constitute the Decision and Order of the Court.
Dated: January 22, 2024
Mineola, New York
E N T E R:
HON. SARIKA KAPOOR, A.J.S.C.