Henry v Murray (2024 NY Slip Op 50864(U))

[*1]

Henry v Murray

2024 NY Slip Op 50864(U)

Decided on July 9, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 9, 2024
Supreme Court, Kings County

Karl Henry, Plaintiff,

against
Natasha Murray and JAIDAN NEIL FRANCIS, Defendants.

Index No. 531901/2023

Wiese & Aydiner, PLLC, Mineola (Renata Vizental of counsel), for Plaintiff.
Law Offices of Jennifer S. Adams, Yonkers (Sean A. Gradowitz of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff
NYSCEF Doc No. 15: Notice of motion
NYSCEF Doc No. 16: Affirmation of Andrew Wiese in support of motion
NYSCEF Doc No. 17: Exhibit A — Affidavit of Karl Henry
NYSCEF Doc No. 18: Statement of material facts
NYSCEF Doc No. 19: Statement of authorization for electronic filing
Submitted by Defendants:
NYSCEF Doc No. 31: Affirmation of Sean A. Gradowitz in opposition to motion
Submitted by Plaintiff
NYSCEF Doc No. 32: Affirmation of Andrew Wiese in reply
Upon the foregoing papers and having heard oral argument on the record, the within motion [*2]is determined as follows.
Introduction
This is a motion by Plaintiff Karl Henry seeking on order pursuant to Rule 3212 of the Civil Practice Law and Rules (CPLR) granting him summary judgment against Defendants on the issue of liability and dismissing Defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct on his part.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). 
Background
At approximately 9:15 p.m. on July 8, 2023, Plaintiff Henry was involved in a motor vehicle accident on the eastbound Belt Parkway near Pennsylvania Avenue, in the County of Kings, City and State of New York. More specifically, he was the seat-belted operator of a Mercedes bearing license plate number MCS1818 that he owned. The roads were dry and weather was clear. The Belt Parkway, at the location of the accident, had three lanes (left, middle and right). As he was travelling 10 mph eastbound in the middle lane, Plaintiff Henry observed that traffic ahead of him was coming to a complete stop. He brought his vehicle to a slow, gradual stop about one car length behind the vehicle in front of him which was also fully stopped. He was completely stopped in the middle lane for approximately 40 seconds, with his foot on the brake, when his vehicle was struck in the rear by the front of a Volkswagen bearing license plate number GNK6775, operated by Defendant Jaiden Neil Francis and owned by Defendant Natasha Murray. (See NYSCEF Doc No. 17, Henry aff.)
Plaintiffs Position
Plaintiff requests that summary judgement be granted to him on the issue of liability because there is no issue of material fact and no affidavit from Defendant Francis; also that affirmative defenses alleging at least part liability attributable to him should be stricken (see NYSCEF Doc Nos. 16, Wiese aff 2; 32, Wiese reply aff3-7). Plaintiff asserts that when there is no genuine issue to be resolved at trial, a case should be summarily decided (see NYSCEF Doc No. 16, Wiese aff 12, citing Andre v Pomeroy, 35 NY2d 361).
Defendants Opposition and Argument
Defendants argue that Plaintiff's motion is premature on the basis that they have not had adequate time for discovery and depositions (see NYSCEF Doc No. 31, Gradowitz aff 3). Defendants assert that a party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (see id. 4). A party opposing summary judgment is entitled to obtain further discovery when facts supporting the opposing party's position may exist but cannot then be stated, argued Defendants (see id. 5, citing Harrinarain v Sisters of St. Joseph, 205 AD3d 893 [2d Dept 2022]). Defendants argue that Plaintiff's motion must be denied as they have not had the opportunity to depose anyone and, as such, have not obtained testimony that, upon information and belief, may serve to create triable issues of fact (see id. 6). Defendants reiterate throughout their opposition that they are at a disadvantage because material facts are still unknown, and that the Plaintiff's motion is premature (see generally id.).
Plaintiff's Reply and Argument
Plaintiff counters that since Defendant Francis, the driver, did not submit an affidavit, there is no reason for the Court to deny summary judgement on the basis that discovery is needed (see NYSCEF Doc No. 32, Wiese aff 3). An opponent of summary judgment seeking further discovery must set forth a reason to believe additional discovery would reveal a relevant triable issue (see id. 10, citing Bryan v City of New York, 206 AD2d 448 [2d Dept 1994]; Morales v P.S. El., 167 AD2d 520 [2d Dept 1990]). In the absence of a showing that any additional evidence would assist in raising a factual issue, further discovery is not warranted (see id., citing Lowrey v Cumberland Farms, 162 AD2d 777 [3d Dept 1990].
Discussion
A driver approaching from the rear has an obligation to maintain a reasonably safe distance and speed to avoid colliding with another vehicle (see Vehicle and Traffic Law § 1129 [a]; Perez v Persad, 183 AD3d 771 [2d Dept 2020]); see also Nsiah-Ababio v Hunter, 78 AD3d 672 [2d Dept 2010]). Thus, a plaintiff establishes his prima facie entitlement through his affidavit which states that he was the operator of a vehicle which was stopped when it was hit in the rear by another vehicle (see Whaley v Carvana NY City, 219 AD3d 1561 [2d Dept 2023]). Plaintiff Henry's affidavit satisfied this standard. The burden shifted to Defendants to establish that Defendant Francis had a nonnegligent explanation for the accident (see id.).
Defendants' failure to raise any factual issues to absolve Defendant Francis of liability or even submit a sworn statement of facts, or to credibly explain the failure to do so, defeats the need for discovery. Since Defendant Francis is the party with knowledge of the factual circumstances as to how he collided with the front vehicle, discovery would serve no purpose (see Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]). Defendant only submits an attorney affirmation which is not based upon personal knowledge and is of no probative or evidentiary significance (see United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651 [2d Dept 2020]; Browne v Castillo, 288 AD2d 415 [2d Dept 2001].
Defendants' counsel's arguments that summary judgment must be denied where facts are in dispute, and that it is improper for the Court to weigh and resolve issues of credibility on a summary [*3]judgment motion have no applicability here inasmuch as there are no facts in dispute.When one party puts in an affidavit of facts and the other does not, granting summary judgment to the party who meets its burden does not constitute weighing and resolving issues of credibility.
Defendants' counsel's speculation as to what discovery might reveal is pure speculation with nothing factual to support it.
Moreover, Defendants have not submitted anything of a factual nature to rebut Plaintiff's showing that he bears no responsibility for the accident (see Sapienza v Harrison, 191 AD3d 1028 [2d Dept 2021]).
Plaintiff presented a prima facie case of entitlement to summary judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez, 68 NY2d at 324). Defendants failed to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so (see Zuckerman v City of New York, 49 NY2d 557).
Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgement against Defendants on the issue of liability and to dismiss Defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct on Plaintiff's part is GRANTED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York