Ramirez v Greiner (2024 NY Slip Op 04154)

Ramirez v Greiner

2024 NY Slip Op 04154

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-03749
 (Index No. 60988/14)

[*1]Esmeralda Ramirez, appellant, 
v
Chad G. Greiner, etc., et al., respondents.

Hecht Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Guy Des Rosiers and Karen H. Tommer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated February 7, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In June 2014, the plaintiff's vehicle was struck in the rear by a tractor-trailer operated by Charles D. Rathbun, Jr., and owned by the defendant New England Motor Freight, Inc. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. In their respective answers, the defendants asserted, among other things, the affirmative defense of comparative negligence. The plaintiff moved for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated February 7, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Whaley v Carvana N.Y. City, 219 AD3d 1561, 1562; Castro v Klein, 204 AD3d 881, 882; Yong Dong Liu v Lowe, 173 AD3d 946, 947; O'Rourke v Carucci, 117 AD3d 1015). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of, among other things, her affidavit, which established that the plaintiff's vehicle was parked on the side of a service road to the Major Deegan Expressway in the Bronx (hereinafter the expressway), with the hazard lights activated, when it was struck in the rear by the defendants' vehicle (see Whaley v Carvana N.Y. City, 219 AD3d at 1562; Lawrence v Sparks, 218 AD3d 670, 671-672; Yong Dong Liu v Lowe, 173 AD3d at 947; O'Rourke v Carucci, 117 AD3d 1015). In [*2]opposition to the plaintiff's prima facie showing, the defendants failed to rebut the inference of negligence with admissible evidence (see Ali v Alam, 223 AD3d 642, 644; Whaley v Carvana N.Y. City, 219 AD3d at 1562-1563; Pena v KST Trucking, Inc., 206 AD3d 1007, 1008). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
The plaintiff also established her prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence by demonstrating that she was not at fault in the happening of the accident (see Fleischmann v County of Suffolk, 226 AD3d 873; Guralenko v New York City Tr. Auth., 220 AD3d 847, 848). In opposition to the plaintiff's prima face showing, however, the defendants raised triable issues of fact as to whether the plaintiff was comparatively at fault in the happening of the accident, including whether the plaintiff's vehicle was stopped on the entrance ramp to the expressway (see Vehicle and Traffic Law § 1202[a][1][j]; Frankel v Jaroslawicz, 225 AD3d 742, 744). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court